UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| R. T. HIGGINBOTHAM,[1] Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-360 |
| FRANK J. BISIGNANO, Commissioner of Social Security, Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, R. T. Higginbotham, on August 6, 2025. For the reasons set forth below, the decision of the Commissioner is **REMANDED**.

***Background***

The plaintiff, R. T. Higginbotham ("Higginbotham"), filed an application for disability insurance benefit and supplemental income under Titles II and XVI of the Social Security Act in October 2022, with an amended alleged disability onset date of December 19, 2017. (Tr. 10). The Social Security Administration ("SSA") initially denied Higginbotham's claims and again on reconsideration. *Id.* Following a hearing, Administrative Law Judge ("ALJ") Tiffani Jake issued an unfavorable decision on August 5, 2024 after a hearing. (Tr. 10; Tr. 22). The Appeals Council denied Higginbotham's request for review on June 12, 2025, making the ALJ's decision the final decision of the Commissioner.

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act ("SSA"), the ALJ found that Higginbotham had not

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

engaged in substantial gainful activity since October 11, 2022. (Tr. 12).

At step two, the ALJ determined that Higginbotham had the medically severe impairments of persistent depressive order, agoraphobia with panic disorder, generalized anxiety disorder, obesity, asthma, chronic rhinitis, and type II diabetes mellitus. (20 CFR and 416.920(c)). (Tr. 13).

At step three, the ALJ concluded that Higginbotham did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Following step three, the ALJ then assessed Higginbotham's residual functional capacity (RFC), holding as follows:

> [T]he the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c) except the claimant can occasionally climb ladders, ropes, scaffolds, ramps and stairs; occasionally stoop, kneel, crouch, crawl, and balance as defined by the Selected Characteristics of Occupations (SCO);[2] must avoid concentrated exposure to pulmonary irritants and temperature extremes; can have occasional interaction with others in the workplace; can understand, remember, and carry out simple instructions; and cannot perform assembly line-type work or strict hourly quotas, but can meet end of day goals.

(Tr. 15).

At step four, the ALJ found that Higginbotham had no past relevant work. (Tr. 21).

At step five, the ALJ relied on vocational expert testimony and found that Higginbotham could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a bus cleaner, janitor, and linen room attendant. (Tr. 22). As a result, the ALJ found that Higginbotham was not disabled, as defined in the Social Security Act. *Id.*

[2] The Selected Characteristics of Occupations ("SCO") defines "balance" as: "maintaining body equilibrium to prevent falling when walking, standing, crouching, or running on narrow, slippery, or erratically moving surfaces; or maintaining body equilibrium when performing gymnastic feats."

***Discussion***

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026); *Liapis v. Bisignano*, 180 F.4th 946, 950 (7th Cir. 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th 469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining

whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that her impairment is so severe that she cannot engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering her age, education, job experience, and functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill*, 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Higginbotham has requested that the court remand this matter for additional proceedings. In her appeal, she alleges that the ALJ failed to create a logical bridge and improperly evaluated her symptoms, violating SSR 16-3p.

***The ALJ Improperly Found that 2,500 National Jobs was a Significant Number***

Higginbotham takes issue with much of the ALJ's assessment in creating the RFC. However, the court will focus on Higginbotham's argument that the ALJ found she was not disabled at Step Five, relying upon the vocational expert ("VE") testimony that "jobs existed in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity." (Tr. 22). The VE testified that there were three jobs in the Dictionary of Occupational Titles ("DOT") that matched Higginbotham's ability.

At Step Five, the burden of proof lies with the Commissioner. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ specifically found Higginbotham had not been under a disability "based on the testimony of the vocational expert" that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." *Id.* The VE testified that Higginbotham could work as a bus cleaner (DOT Code 919.687-014 with 53,000 national jobs), janitor (DOT Code 381.687-018 with 22,000 national jobs), and a linen room attendant (DOT Code 222.387-030 with 2,500 national jobs). *Id.*

Higginbotham claims that, as to the linen room attendant position, 2,500 jobs do not constitute a "sufficient number." [DE 16 at 7]. This court has previously held that "14,500 jobs [] in the national economy is not a significant number of jobs." *James A. v. Saul*, 471 F.Supp.3d 856, 860 (N.D. Ind. July 10, 2020). In that case, Judge Joseph Van Bokkelen suggested a distinction between a VE suggesting jobs that existed in the region versus suggesting jobs that existed nationally. *Id.* at 860.

The Commissioner did not specifically respond to Higginbotham's claims about whether 2,500 national linen room attendant jobs qualified as a "significant number." Accordingly, the Commissioner waived any argument as to 2,500 national jobs being "significant." *Herrmann v. Berryhill*, 1:17-CV-56, 2017 WL 6523931, at *14 (N.D. Ind. Dec. 20, 2017).

The Seventh Circuit has found that 30,000 is the lowest number of jobs that qualifies as significant. *DuCharme v. Kijakazi*, No. 21-2204, 2022 WL 3287974, at *3 (7th Cir. Aug. 11, 2022). Here, the total number of jobs that the VE presented is 77,500 (53,000 + 22,000 + 2,500 = 77,500). (Tr. 22). While the ALJ is given discretion to determine what qualifies as "significant," the ALJ must support that assessment with some "evidence that demonstrates that …work [the claimant's RFC permits them [sic] to do] exists in significant numbers in the national economy." *Balogh v. Comm'r of Soc. Sec.*, 1:25-CV-207-CCB-ALT, 2026 WL 2349397, at *3 (N.D. Ind. Aug. 12, 2026) (citing *Milhem v. Kijakazi*, 52 F.4th 688, 694 (7th Cir. 2022)) (quoting 20 C.F.R. §§ 404.1560(c)(2), 416.960 (c)(2)). In *Gass*, Judge Theresa Springmann remanded the case to provide an opportunity for the ALJ to "reconsider whether a significant number of jobs exist [sic] in the national economy" after discussion of Seventh Circuit precedent demonstrating the range of conclusions of which number of jobs constitutes as significant. *Gass v. Kijakazi*, 1:19-CV-404-TLS, 2021 WL 5446734, at *8 (N.D. Ind. Nov. 22, 2021); *see also Karla J. v. Kijakazi*, 3:20-CV-1051-MGG, 2022 WL 4463347, at *6 (N.D. Ind. Sep. 26, 2022).

The requisite standard for an ALJ's evaluation is that it must be "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2023) (quoting *Moore*, 743 F.3d at 1121). Here, the court is unable to analyze the ALJ's assessment of the VE's testimony because of this failure to demonstrate that 2,500 national linen room attendant jobs is a

significant number such that it can be relied upon to find that Higginbotham was not disabled. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (the Circuit will reverse an ALJ's determination "only if the record compels a contrary result"); *Norman v. Comm'r of Soc. Sec.*, No. 1:24-CV-57-JD, 2025 WL 900543, at *7 (N.D. Ind. Mar. 24, 2025).

***Conclusion***

Because the court finds remand necessary given the ALJ's assessment at Step Five, the court need not address Higginbotham's other arguments at this time. Accordingly, the court **REMANDS** the Commissioner's decision.

ENTERED this 30th day of September, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge